UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY E. SOUTHWARD,

      Petitioner,

v.

      CASE NO.  2:08-CV-10398
      JUDGE GEORGE CARAM STEEH
      MAGISTRATE JUDGE PAUL J. KOMIVES

MILLICENT WARREN,

      Respondent.
_____/

MEMORANDUM ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY
HEARING REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL (docket #12)

      Petitioner Gregory E. Southward filed a petition for the writ of habeas corpus in this Court on January 28, 2008, challenging his state court convictions for criminal sexual conduct, home invasion, kidnapping, and firearms offenses.  On October 10, 2008, petitioner filed this motion for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  On this date, the undersigned has filed a Report recommending that the District Judge deny the petition because petitioner's claims are without merit.  For the reasons explained below, petitioner's motion for evidentiary hearing will be denied.

      In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) is a hearing is permitted under 28 U.S.C. § 2254(e)(2).  In deciding whether an evidentiary hearing is necessary under  Rule 8, "courts focus on whether a new evidentiary hearing would be

1

meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).

Even assuming that an evidentiary hearing is permitted here under § 2254(e)(2), one is not necessary under Rule 8. Petitioner's request for an evidentiary hearing is limited to his ineffective assistance of counsel claims. Petitioner does not specifically identify what evidence a hearing would develop in support of his claims, only that he will "satisfy both the deficient performance and resultant prejudice tests if a hearing is granted." Pet'r's Mot., at 2. With respect to petitioner's claim that counsel was ineffective for failing to introduce letters written by the victim and evidence that the victim had visited him in jail, as explained in the Report the record establishes that petitioner himself requested that counsel not introduce this evidence. Because the record resolves this claim, no further evidentiary hearing is necessary. With respect to counsel's failure to challenge an allegedly biased juror, petitioner has not suggested that any evidence could be developed to show that the juror was actually biased; petitioner relies merely on the fact that she had been the victim

of a rape twenty-five years before his trial which, as explained in the Report, is insufficient alone to establish the juror was actually or implicitly biased. Petitioner's ineffective assistance of counsel claims relating to counsel's failure to move to suppress various evidence are without merit because petitioner cannot show that he was prejudiced. The prejudice inquiry is based on the evidence adduced at trial, the nature of the evidence which petitioner contends should have been suppressed, and the legal bases asserted by petitioner for suppressing the evidence. All of these matters are readily resolvable on the basis of the state court record, and none would be advanced by any further factual development. Finally, petitioner's ineffective assistance of appellate counsel claims are likewise resolvable on the basis of the record, and any further evidence regarding the reasons for appellate counsel's decision would not advance petitioner's claims because he in any event cannot establish prejudice.

Accordingly, it is ORDERED that petitioner's Motion for an Evidentiary Hearing Regarding Ineffective Assistance of Counsel is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

                                                  s/Paul J. Komives
                                                  PAUL J. KOMIVES
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2009

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 24, 2009.
>
>                                 s/Eddrey Butts
>                                 Case Manager