UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY E. SOUTHWARD,

        Petitioner,

                                   CASE NO. 08-CV-10398

   v.

                                   HON. GEORGE CARAM STEEH

MILLICENT WARREN,

        Respondent.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, (#17) AND DENYING CERTIFICATE OF APPEALABILITY

      Petitioner Gregory Southward is a prisoner currently incarcerated at the Thumb

Correctional Facility in Lapeer, Michigan.  Petitioner was convicted on March 21, 2003,

following a jury trial, of carrying a dangerous weapon with unlawful intent, first degree

home invasion, kidnaping, five counts of first degree criminal sexual conduct, and

possessing a firearm during the commission of a felony.  On May 29, 2003, petitioner

was sentenced as a second habitual offender.  On January 28, 2008, after exhausting

his appeals in the state court system, petitioner filed this *pro se* application for a writ of

habeas corpus.  As grounds for the writ of habeas corpus, petitioner raises the same

nine claims he raised on direct appeal, as well as the jury selection and ineffective

assistance of appellate counsel claims he raised in his post-conviction motion.

Respondent filed an answer and petitioner filed a response brief.  On July 24, 2009, the

Magistrate Judge filed a report and recommendation.  Petitioner filed his objections on

September 10, 2009.  For the reasons set forth below, the court finds that petitioner's

objections lack merit and therefore adopts the Report and Recommendation of the magistrate in its entirety and denies petitioner's writ of habeas corpus.

1. <u>Rape Shield Evidence</u>

Petitioner first objects to the magistrate judge's conclusion that the trial court properly refused to permit evidence that, during her marriage to petitioner, the victim had engaged in consensual sex acts similar to those she alleged that petitioner had forced her to perform. Petitioner argues that he was denied his right to confront the victim by limiting his ability to conduct cross-examination. Petitioner contends that the excluded evidence goes to the issues of credibility, consent and motive, and that the exclusion constituted a denial of his constitutional rights.

The trial court applied the rape shield act to deny defense counsel's request to allow the subject evidence. The court reasoned that because evidence would be presented that the victim and petitioner were married and that they had engaged in consensual sex, the particular acts were not relevant to the issue of consent. The fact that the acts perpetrated by petitioner were similar to acts to which the victim had consented when they were married did not go to whether she had consented on the date of the assault. There was no claim in this case that the nature of the sex acts themselves demonstrated a lack of consent. In such a case, evidence that the victim had previously engaged in those types of acts with petitioner may be relevant. Because the evidence petitioner sought to introduce is not relevant, petitioner fails to show that the trial court's failure to allow him to cross-examine the victim on these matters violated his right to confront the witnesses against him.

2. <u>Expert Witness</u>

Petitioner argues that the trial court improperly permitted Detective Griggs to testify as an expert witness. At trial, Griggs testified that, based on the victim's testimony at the preliminary examination that she heard a "clinking noise" while she was in the bedroom of the house and the fact that an ejected bullet was found on the floor, he suspected that the noise may have been made by the slide of a semi-automatic handgun being pulled back to feed a new bullet into the gun's chamber. Trial Tr., Vol, III, at 60-61. To confirm his suspicion, Griggs conducted a test prior to trial, whereby he made a noise with the slide of a handgun and asked the victim to identify the noise while she was in another room.

Habeas corpus is not available to remedy a state court's error in the application of state law. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). The general rule regarding the limited cognizability of evidentiary claims on federal habeas review applies to claims based on the allegedly improper admission of scientific evidence. <u>See, e.g.</u>, <u>Norris v. Schotten</u>, 146 F.3d 314, 335 (6th Cir. 1998). The victim's identification of the sound made by the gun did not involve specialized or technical knowledge, and the procedure employed by Griggs was not a scientific test. It was simply an identification procedure. Petitioner has failed to show that he was denied a fair trial by Griggs' testimony because Griggs did not offer any expert or scientific testimony.

3. <u>Habitual Offender Sentence</u>

Petitioner argues he was improperly sentenced as a habitual offender on the basis of a North Carolina plea. Petitioner argues that the North Carolina conviction was a misdemeanor, so the fact that it was considered a predicate felony for purposes of the

habitual offender statute was improper.  As noted by the Magistrate Judge, "[t]he determination by a state of what constitutes a prior felony conviction under its Multiple Offender Act presents no federal question." (Citations omitted).  In addition, under the Habitual Offender Act, a defendant is subject to sentence as a habitual offender if he previously "has been convicted of a felony or an attempt to commit a felony, whether the conviction occurred in this state or would have been for a felony or attempt to commit a felony in this state if obtained in this state."  M.C.L.A. § 769.10(1).  Petitioner was originally charged in North Carolina with second degree rape, and pleaded guilty to a lesser charge of assault on a female.  Both attempted second degree rape and assault on a female are lesser offenses of second degree rape for which a defendant charged with second degree rape may be convicted.  N.C.Gen.Stat. § 15.144.1(a).  The charge and plea in the North Carolina case establish that the conduct underlying petitioner's conviction in that case stemmed from some sort of a completed or attempted sexual assault.  As the court of appeals observed, "[i]n Michigan, an assault committed with the intention of committing [a sexual assault] is either a five-year or ten-year felony."  Court of Appeals, p. 6.  The trial court did not err in finding that petitioner's prior North Carolina conviction was a felony for purposes of the Michigan habitual offender statute.

4.  Discovery Claims

Petitioner reiterates his argument that the prosecutor violated his duty to disclose exculpatory evidence by failing to turn over the medical report of the victim until the day before trial.  However, petitioner has not shown any violation of the discovery rules, nor has petitioner shown any prejudice resulting from the fact that the medical report was not provided earlier than it was.

5. Jury Selection

The Magistrate Judge explains the apparent discrepancy between the jury venire in the courtroom and the names in the box from which the venire members were randomly drawn to fill the jury. It is apparent from the record that the jury was randomly selected, and it is of no consequence that the box contained the Group J names as opposed to the Group H names. Petitioner's argument regarding the method by which the jury was selected does not provide a basis for habeas relief.

6. Ineffective Assistance of Counsel

Petitioner argues that his counsel was ineffective for failing to present evidence of letters written by the victim to petitioner while he was in jail, as well as evidence that the victim visited petitioner in jail. From the record, the evidence is clear and consistent that petitioner did not want to introduce the letters at trial. The court agrees with the Magistrate Judge's recommendation that petitioner is not entitled to habeas relief on these claims.

Petitioner next contends that counsel was ineffective for failing to challenge a biased juror. The trial court and counsel conducted additional voir dire of the particular juror regarding whether she could be impartial in light of the fact that she had been a victim of statutory rape twenty-five years earlier. Both the prosecutor and defense attorney declined to challenge the juror for cause. The court agrees with the Magistrate Judge's determination that there is nothing in the record to suggest that defense counsel's decision to keep the juror on the panel was anything other than trial strategy based on his assessment of the juror's ability to render a fair verdict.

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the

Magistrate's report and recommendation as its findings and conclusions in this matter. Petitioner's application for writ of habeas corpus is DENIED.

In the event that petitioner appeals this order, he must obtain a certificate of appealability. The Court may issue a certificate of appealability if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court finds that petitioner has not made a substantial showing of the denial of a federal right. Therefore, the Court hereby finds that a certificate of appealability is not warranted.

SO ORDERED.


S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2010


CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 26, 2010, by electronic and/or ordinary mail.


S/Josephine Chaffee
Secretary/Deputy Clerk